UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
KEY WEST DIVISION

CASE NO. _____

MEMPHIS LUCIO,

    Plaintiff,

v.

SUNSET WATERSPORTS, INC.
a Florida corporation for profit,

    Defendant.
_____/

## COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff, MEMPHIS LUCIO sues Defendant, SUNSET WATERSPORTS, INC., and alleges:

### PRELIMINARY ALLEGATIONS

1. The Plaintiff, MEMPHIS LUCIO, is a citizen of the United States and a resident of the state of Colorado.

2. Defendant, SUNSET WATERSPORTS, INC. ("SUNSET"), is a Florida Corporation with its principal place of business in Key West, Florida.

3. The matter in controversy exceeds, exclusive of interests and costs, the sum specified by 28 U.S.C. § 1332. In the alternative, if diversity jurisdiction does not apply, then this matter falls under the admiralty and maritime jurisdiction of this Court.

4. In the event that this matter proceeds under the admiralty and maritime jurisdiction of this Court, the Plaintiff demands a jury trial pursuant to the Saving to Suitors Clause of 28 U.S.C. § 1333. *See Lewis v. Lewis & Clark Marine, Inc.*, 531 U.S. 438, 454-55 (2001) ("Trial by jury is an obvious… example of the remedies available to suitors."); *see also Suzuki of Orange Park, Inc. v. Shubert*, 86 F.3d 1060, 1063 (11th Cir. 1996).

5. At all times material hereto, Defendant, personally or through an agent:

   a. Operated, conducted, engaged in or carried on a business venture in this state and/or county or had an office or agency in this state and/or county;

   b. Was engaged in substantial activity within this state;

   c. Operated vessels in the waters of this state;

   d. Committed one or more of the acts stated in Florida Statutes §§ 48.081, 48.181 or 48.193;

   e. The acts of Defendant set out in this Complaint occurred in whole or in part in this county and/or state.

   f. Defendant was engaged in the business of providing to the public and to Plaintiff in particular, for compensation, dinner cruises aboard the vessel, the *Party Cat*.

6. Defendant is subject to the jurisdiction of the courts of this state.

7. The causes of action asserted in this Complaint arise under the General Maritime Law of the United States.

## GENERAL ALLEGATIONS

8. At all times material hereto, Defendant owned, operated, managed, maintained and/or controlled the vessel, the *Party Cat.*

9. At all times material hereto, Defendant had exclusive custody and control of the vessel, the *Party Cat*.

10. On or about September 6, 2016, Plaintiff was a paying passenger aboard the *Party Cat*, which was in navigable waters.

11. On or about September 6, 2016, the vessel was being operated in the seas just off of Key West, Florida, near the Mallory Square area. The Plaintiff was inside the vessel in the dining room area where dinner was being served from a buffet. The Plaintiff went to the buffet, made a dinner

plate for himself, and proceeded to return to his table to sit with his family for dinner. Unbeknownst to Plaintiff, there was a hatch door on the floor of the dining room that Defendant improperly left open. Therefore, as Plaintiff was walking back to his table, he fell through the open hatch and suffered severe injuries.

12. Considering that the Plaintiff walked the same path to and from his table, Plaintiff had no reason to suspect and/or know the existence of the hazardous condition, as the hidden, open hatch was not open and obvious.

## COUNT I – NEGLIGENCE

The Plaintiff realleges, adopts, and incorporates by reference the allegations in paragraphs one (1) through twelve (12) as though alleged originally herein.

13. At all times material hereto, it was the duty of Defendant to provide Plaintiff with reasonable care under the circumstances.

14. On or about September 6, 2016, Defendant and/or its agents, employees and/or crewmembers breached its duty to provide the Plaintiff with reasonable care under the circumstances, through the following acts and/or omissions:

   a. Requiring Plaintiff to move about the dining room while hatches in the floor of the same area were being opened and/or remaining open; and/or

   b. Failing to provide Plaintiff with adequate assistance walking about the dining room area while hatches in the floor of the same area were being opened and/or remaining open; and/or

   c. Failing to warn Plaintiff of the dangers of walking about the dining room area; and/or

   d. Failing to warn Plaintiff that hatches in the floor, in the area where he was, were being opened and/or remaining open in the midst of dinner service; and/or

    e. Failing to promulgate and/or enforce adequate policies and procedures to prevent passengers from falling into open hatches aboard the vessel; and/or

    f. Opening hatches from the floor and/or leaving the hatches from the floor open, without providing any warning to passengers, while passengers were in the immediate area around those hatches; and/or

    g. Failing to close hatches in the floor as soon as possible to avoid passengers coming into contact with the same; and/or

    h. Failing to warn Plaintiff of the dangers on the vessel that he could potential come in contact with as a guest aboard the vessel; and/or

    i. Failing to protect the Plaintiff from open hatches in areas of the vessel where passengers were free to walk about; and/or

    j. Failing to protect the Plaintiff from known, hidden dangers, like hatches, aboard the vessel; and/or

    k. Failing to operate the vessel in a reasonably safe manner; and/or

    l. Failing to prepare and/or maintain and/or abide by an adequate SMS; and/or

    m. Failing to properly train and/or instruct crew; and/or

    n. Failing to adequately supervise crew; and/or

    o. Failing to adequately supervise passengers.

15. The above acts and/or omissions caused and/or contributed to the Plaintiff being severely injured because Plaintiff would not have fallen through the open hatch and/or sustained injuries but for such acts and/or omissions.

16. At all times material hereto, Defendant knew of the foregoing conditions causing the Plaintiff's incident and did not correct them, or the conditions existed for a sufficient length of time so that Defendant, in the exercise of reasonable care under the circumstances, should have

learned of them and corrected them.  This knowledge was or should have been acquired through (a) Defendant's maintenance and/or inspections of the dining area, including, but not limited to, the hatch; and/or (b) Defendant's policies and procedures, training and/or supervision of crewmembers regarding the opening and/or closing of the hatch generally and during the service of meals specifically.  In addition, Defendant created the dangerous conditions by the lack of warnings and/or supervision and/or security and/or training.

17. As a direct and proximate result of the negligence of Defendant, the Plaintiff was injured about Plaintiff's body and extremities, suffered physical pain, mental anguish, loss of enjoyment of life, disability, disfigurement, aggravation of any previously existing conditions therefrom, incurred medical expenses in the care and treatment of Plaintiff's injuries, suffered physical handicap, lost wages and the Plaintiff's working ability has been impaired.  The injuries are permanent or continuing in nature, and the Plaintiff will suffer the losses and impairments in the future.

**WHEREFORE**, the Plaintiff demands judgment for all damages recoverable under the law against Defendant and demands trial by jury.

Dated: May 10, 2019

Respectfully submitted,

LIPCON, MARGULIES, ALSINA
& WINKLEMAN, P.A.
One Biscayne Tower, Suite 1776
2 South Biscayne Boulevard
Miami, Florida 33131
Telephone: (305) 373-3016
Facsimile: (305) 373-6204

By: */s/ Michael A. Winkleman*
**MICHAEL A. WINKLEMAN**
Florida Bar No. 36719
mwinkleman@lipcon.com
**ANDREW S. FREEDMAN**
Florida Bar No. 091087
afreedman@lipcon.com